CARMEN MARÍA NADAL-CARRIÓN, Plaintiff and Appellee, v. ANGEL CARRIÓN, Defendant and Appellant.

No. 3611. Argued May 4, 1925.—Decided June 19, 1925.

1. APPEAL—DISMISSAL—BRIEF—JURISDICTION.—The time for filing a brief is not jurisdictional and a dismissal may be denied if for good reasons the brief is not filed until three days after the expiration of the time, but simultaneously with the motion for dismissal.

2. ID.—FORECLOSURE—INJUNCTION — STATEMENT OF CASE — TRANSCRIPT OF EVIDENCE.—On appeal in an action for the annulment of foreclosure proceedings wherein the court granted an injunction on the allegations of the complaint, the petition and the exhibits, it is not necessary to submit a statement of the case or a transcript of the evidence. The certificate of the clerk or of the attorneys is sufficient.

Motion for dismissal of appeal. `Overruled.

A. Nazario Lugo for the appellant. Angel A. Vázquez for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

This is a motion for dismissal of the appeal on the grounds that the appellant did not file his brief within the statutory period and filed the statement of the case or transcript of the evidence in the district court after the expiration of the statutory period, and that the said transcript was not approved or brought up in proper form.

[1] As regards the first question, it is true that the time fixed by the rules of this court expired and the appellant did not file a brief, but it is true also that the brief was filed simultaneously with the motion for dismissal three days after the expiration of the time, the appellant explaining that it was due to his erroneous computation of the time. The period is not jurisdictional. In the exercise of its discretion this court may admit and consider a brief filed out

of time, and it will do so in this case for the reason that good cause is shown.

Nor do we believe the appeal should be dismissed on the second ground. The appeal was taken on March 2, 1925, and the transcript was filed in the office of the secretary of this court on April 9, 1925, within an extension of the lawful time. About this there is no question; but the appellee contends that the statement of the case or transcript of the evidence was not filed in time in the lower court.

Is there in this case a real statement of the case or transcript of the evidence? The appellant maintains that there is not, and in our opinion he is right. An injunction was petitioned for in an action for the annulment of foreclosure proceedings. The injunction was granted and the defendant appealed. The record was composed of copies of the complaint, of the petition for injunction and of the proceedings in a certain civil case and in a summary foreclosure proceeding which were made part of the petition. At the end of all this the following appears:

"The undersigned judge of the district court for the judicial district of Mayagüez, P. R., hereby certifies:

"That all pleadings heretofore transcribed under the heading Appendix were taken into account by him and considered, together with the other pleadings transcribed, as a basis for rendering the decision in this case, inasmuch as the petitioner made a part of his petition all that has been transcribed under the said heading. And for the purposes of the appeal taken by the defendant I issue this certificate and sign it in Mayagüez, P. R., on April 6, 1925.— (Signed) Angel Acosta, District Judge."

Then the following appears:

"We, Angel A. Vázquez and Amadeo Nazario Lugo, attorneys of record in this case, hereby certify:

"That the foregoing pleadings are true and exact copies of their respective originals as they appear of record in this case.

"And for the purposes of the appeal taken by the defendant we sign this certificate in Mayagüez on this 8th day of April, 1925.—

(Signed) Angel A. Vázquez, attorney for the plaintiff-appellee.—
A. Nazario Lugo, attorney for the defendant-appellant."

[2] The certificate of the judge was not required. No
statement of the case was necessary, and much less a tran-
script of the evidence. The documents transcribed formed
a part of authentic records in the custody of the clerk of
the court properly related to each other. There was no
oral evidence. Under these circumstances the appellant had
no need to resort to the procedure prescribed by law for
the preparation and approval of a statement of the case,
bill of exceptions or transcript of the evidence; therefore,
he was not obliged to submit the transcript to the district
judge within ten days after taking the appeal, or move for
an extension of time therefor. He could send up to the
Supreme Court the proceedings duly certified to by the
clerk or by the attorneys within the thirty days allowed by
law or within an extension thereof, as was done in this case.

The motion for dismissal must be overruled.